UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-13364-GAO

OSBORNE SHEPPARD,
Petitioner,

v.

SEAN MEDEIROS,
Respondent.

ORDER
January 25, 2016

O'TOOLE, D.J.

For the reasons set forth below, the Court directs both parties to provide argument for or against dismissal of this action as an unauthorized second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254.

On September 11, 2015, Osborne Sheppard filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Sheppard does not identify the judgment of conviction that he is challenging. The Court assumes that this petition concerns his 1980 conviction for first degree murder. See Commonwealth v. Sheppard, 394 Mass. 381 (1985); see also Massachusetts v. Sheppard, 468 U.S. 981 (1984).

In 2001, Sheppard filed a § 2254 petition in this Court challenging the 1980 conviction. See Sheppard v. Commonwealth, C.A. No. 01-10916-RCL. In an order dated July 3, 2003 (dkt. no. 54), the Court granted the respondent's motion to dismiss as untimely under the one-year period of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").

See 28 U.S.C. § 2244(d).[1] The petitioner did not appeal the denial of his petition.

Under AEDPA, there are significant restrictions on a petitioner's ability to file more than one § 2254 petition. Before "a second or successive application [under 28 U.S.C. § 2254] is filed in the district court, the applicant shall move in the in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Where a litigant bringing a second or successive § 2254 petition has not received permission form the court of appeals to file the document, the district court is without jurisdiction to entertain the merits of the petition. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (per curiam); Rodwell v. Pepe, 324 F.3d 66, 72–73 (1st Cir. 2003).

A dismissal of a first § 2254 petition "is a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements." See In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011) (citing similar decisions from the Second, Fifth, Seventh, and Ninth circuits); see also Rohn v. Horton, 508 F. App'x 170, 171 (3d Cir. 2013) (per curiam) (same). Because Sheppard's 2001 petition was dismissed as time-barred and he does not represent that he sought and received permission from the First Circuit to file the present petition, it would appear that the Court does not have jurisdiction over this action.

The Court, having raised the question of jurisdiction sua sponte, directs the parties to submit written argument for or against denial of the petition as an unauthorized second or successive § 2254 petition. The parties have forty-two (42) days to respond to this Order.

---

[1] In cases where a conviction became final before the passage of AEDPA on April, 24, 1996, petitioners were given a one year grace period—until April 24, 1997—to file a § 2254 petition. See Gaskins v. Duval, 183 F.3d 8, 9 (1st Cir. 1999).

The respondent's Motion for an Order Directing Petitioner to Comply with Rule 2(c) of the Rules Governing Section 2254 Cases (dkt. no. 2) is DENIED without prejudice to renewal if this action is not dismissed for lack of jurisdiction.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge